IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ROBERT LYLE GILL,<br><br>Plaintiff,<br><br>vs.<br><br>SGT. MYRUP, OFFICER REITZ, UNKNOWN OFFICERS,<br><br>Defendants. | Cause No. CV 23-16-BLG-SPW<br><br>ORDER |

Plaintiff Robert Lyle Gill ("Gill") moved to proceed in forma pauperis (IFP) and filed the instant civil rights action; these filings were dated February 7, 2023.[1] Gill was granted leave to proceed IFP and directed to file an amended complaint. (Doc. 6.) In his Amended Complaint, Gill alleged Defendants violated his Fourteenth Amendment rights when he was subjected to excessive use of force at the Yellowstone County Detention Center as a pretrial detainee. *See* Compl. (Doc. 2). It was subsequently determined the allegations contained in Gill's Amended

---

[1] In a prior order, this Court noted that Gill purportedly signed and delivered the document to jail authorities the day before the statute of limitations would have expired; it is unclear why the document did not arrive at the Court house until February 21, 2023, if it was delivered for mailing on February 7, 2023. *See* (Doc. 6 at 1, n. 1.)

1

Complaint were sufficient to require an answer. (Doc. 8.)[2]

Defendant Sergeant Chris Myrup ("Myrup") has not appeared. Based upon pleadings in a prior action filed by Gill, Myrup was a former sergeant who worked at the Yellowstone County Detention Facility ("YCDF"). As of March 30, 2022, Myrup was no longer employed at YCDF. *See Gill v. Yellowstone County Jail*, et al., Cause No. DV-19-136-BLG-SPW, Myrup Ans. (Doc. 95 at 2.)

Defendant Officer Tyler Reitz ("Reitz") appeared and filed a motion to dismiss Gill's Amended Complaint, along with a brief in support. (Docs. 13 & 14.) Reitz alleges Gill's complaint is filed outside of the applicable limitations period and that the claims contained therein are barred by the doctrine of res judicata. (Doc. 14 at 2-4.) Gill opposes the motion to dismiss. (Doc. 16.)

Gill has also requested that counsel be appointed to represent him, (Doc. 15), and that he be allowed to file a response to Reitz's reply to the pending motion to dismiss. (Doc. 19.) Each motion will be addressed in turn.

I.   **Motion to Dismiss**

As explained herein, this matter will be dismissed based upon the doctrine of res judicata.

---

[2] Because Gill is a prisoner proceeding IFP, his Complaint required a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). This *sua sponte* screening procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that a defendant may later bring. *See Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007); *see also Lucas v. Jovanovich,* 2016 WL 3267332, at *3 (D. Mont. June 10, 2016).

2

i. **Summary of Gill's Allegations**

Gill alleges at approximately 7:00 p.m. on February 7, 2020, while incarcerated at the Yellowstone County Detention Facility, the Defendants came to transport Gill to another location. His hands were cuffed behind his back, and he was moved "at taser point." Gill claims Reitz and other unknown officers threw him down some stairs. After the fall, Gill was led down to booking area where he was placed in a chair in full restraints. Myrup proceeded to tase him in the chest. *See generally* (Doc. 7 at 4-5.)

As a result of these acts, Gill states his knee, shoulder, and heart were injured. (*Id.* at 5.) He has difficulty walking up and down stairs and his shoulder goes in and out of place. (*Id.*) Gill claims he now has heart issues, including flutters, irregular heartbeats, and high blood pressure. (*Id.*) Gill seeks $100,000 in damages from each defendant for his physical injuries, and an additional $20,000 from each in punitive damages. (*Id.*)

Gill acknowledges that he filed a previous lawsuit in this Court and that it was dismissed due to his failure to respond to both discovery requests and to the defendants' motion for sanctions. (*Id.* at 10.)

ii. **Defendant Reitz's Contentions**

Defendant Reitz first argues that the Court should dismiss Gill's complaint because the same claims levied against Reitz were already decided. On December

3

9, 2019, Gill filed a complaint against Yellowstone County and the medical provider at the Yellowstone County Detention Facility. *See Gill v. Yellowstone County Jail*, et al., Cause No. DV-19-136-BLG-SPW, Comp. (Doc. 2.) On January 24, 2022, Gill filed a second amended complaint. *Gill,* Cause No. DV-19-136-BLG-SPW, Sec. Amd. Comp. (Doc. 65.) There, he named Reitz as a defendant and alleged that he used excessive force against him on February 7, 2020. (*Id.* at 4, 7.) Reitz filed an Answer in which he denied using excessive force against Gill. *Gill,* Cause No. DV-19-136-BLG-SPW, Reitz Ans. (Doc. 96 at 3.) On November 15, 2022, this Court dismissed the matter based upon Gill's failure to respond to discovery requests or to the Court's order. The entire matter, including the claims against Reitz, was dismissed pursuant to Federal Rule of Civil Procedure 41(b), based upon Gill's failure to prosecute. *Gill,* Cause No. DV-19-136-BLG-SPW, Ord. (Doc. 106.) Gill did not appeal the dismissal.

Reitz argues that Gill seeks in the instant matter to raise the same claims against him that were previously presented, that is that Reitz used excessive force against Gill on February 7, 2020. *See e.g.*, Amd. Comp. (Doc. 7 at 4-5.) Accordingly, Reitz argues that res judicata, bars consideration of Gill's claims in the instant case. (Doc. 14 at 2-3) Reitz asserts the claim preclusion doctrine applies because in Gill's previous case, this Court reached a final judgment on the merits, it involved the same claims as the present matter, and both matters involve

the same parties. (*Id.* at 3.)

Finally, Reitz argues that three-year statute of limitations has expired. The underlying incident occurred on February 7, 2020, and this Court received Gill's complaint on February 21, 2023. According to Reitz, the statute of limitations bars the claims.

### iii. Standards Governing Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court ordinarily must construe a *pro se* litigant's pleading liberally and hold a *pro se* plaintiff "to less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(citation omitted).

The Court must accept as true all non-conclusory factual allegations contained in the complaint and must construe the complaint in the light most favorable to the plaintiff. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F. 3d 981, 989 (9th Cir. 2009). "Generally, a court may not consider material beyond the complaint in ruling on a Fed. F. Civ. P. 12(b)(6) motion." *Intri-Plex Techs., Inc. v.*

5

*Crest Group, Inc.*, 499 F. 3d 1048, 1052 (9th Cir. 2007)(citation omitted). The Court may consider "only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Akhtar v. Mesa*, 698 F. 3d 1202, 1212 (9th Cir. 2012)(citation omitted); *Schneider v. Cal. Dep't of Corr.*, 151 F. 3d 1194, 1197 n.1 (9th Cir. 1988)("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.")(citations omitted; emphasis in the original). The court may also consider documents referenced in the complaint under the incorporation by reference doctrine when the authenticity of the subject document is uncontested and the complaint extensively relies upon the subject document. *See Knievel v. ESPN*, 393 F. 3d 1068, 1076 (9th Cir. 2005).

    iv.  **Analysis**

As noted above, Reitz seeks dismissal of the amended complaint on two grounds: untimeliness and res judicata. There is some question about the timing between the date on which Reitz provided his complaint to detention officials for delivery to the Court and the basis for the delay that occurred. Under the "prison mailbox rule," a prisoner's document is deemed filed "at the time…[it is] delivered to the prison authorities for forwarding to the court clerk." *See Houston v. Lack*, 487 U.S. 266, 276 (1988). As set forth above, the Court previously found it

notable that the date given on Gill's filing was one day before the limitations period ran, yet it took two weeks for the document to arrive from the Yellowstone County Detention Center to the Billings Federal Courthouse via U.S. mail. The Court need not reach the timeliness issue, however, because this case is repetitive in nature and is barred by res judicata.

The res judicata doctrine provides that a final judgment on the merits bars further claims by the parties or their privities based on the same cause of action. *See Tahoe-Sierra Pres. Council v. Tahoe Reg'l. Planning Agency*, 322 F. 3d 1064, 1077 (9th Cir. 2003). "Res judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits." *United States ex rel. Barajas v. Northrop Corp.*, 147 F. 3d 905, 909 (9th Cir. 1998). The doctrine "is meant to protect parties against being harassed by repetitive actions." *Tahoe-Sierra Pres. Council*, 322 F. 3d at 1077. For res judicata to apply, there must be "1) an identity of claims, 2) a final judgment on the merits, and 3) privity between parties." *Headwaters Inc. v. U.S. Forest Service*, 399 F. 3d 1047, 1052 (9th Cir. 2005).

Gill seems to suggest that the there is no identity of claims because his original complaint, filed in 2019, dealt with a completely separate allegation which was "the meat of the complaint." (Doc. 16 at 2.) He states he brought up the 2020

7

allegations against Reitz and Myrup in an effort to show the continued deliberate indifference which he was experiencing. (*Id.*)

It is true that Gill's original complaint filed in 2019 initially raised claims regarding his conditions of confinement and denial of mental health care claims. *See generally, Gill,* Cause No. DV-19-136-BLG-SPW, Comp. (Doc. 2.) Gill was advised of the deficiencies in his complaint and eventually filed an amended complaint in August of 2020. There he did not name Reitz or Myrup as Defendants and his claims primarily focused on the conditions of his confinement and denial of medications. *Gill,* Cause No. DV-19-136-BLG-SPW, Amd. Comp. (Doc. 16.) Gill then filed two motions seeking leave to amend his complaint. *Gill,* Cause No. DV-19-136-BLG-SPW, Mtns. (Docs. 51 & 54.) In his second motion to amend, Gill sought to add new claims of excessive use of force and named additional defendants. Over Defendants' objection, Gill was granted leave to file a second amended complaint. *Gill,* Cause No. DV-19-136-BLG-SPW, Or. (Doc. 61.)

On January 24, 2022, Gill filed his second amended complaint. *Gill,* Cause No. DV-19-136-BLG-SPW, Sec. Amd. Comp. (Doc. 65.) There, Gill named Reitz and Myrup, among others, as defendants, and his second claim involved the excessive force Reitz and Myrup used against him in February of 2020. (*Id.* at 4, 7.) While the Court recognizes Gill presented other claims in his prior proceeding,

8

there is no question that one of the claims presented revolves around the same core transaction- the alleged force used against Gill when he was transported from his cell to the booking area on February 7, 2020. Thus, the identity of claims requirement is met. Similarly, Reitz and Myrup were named as defendants in Gill's second amended complaint, as well as in the instant matter. The privity requirement is also met.

Regarding the final judgment on the merits requirement, Gill's first action was dismissed pursuant to Rule 41(b), based upon Gill's failure to prosecute and failure to comply with a court order. This constituted a final judgment; Gill never appealed. For purposes of the res judicata requirement, "the phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" *Stewart v. US Bancorp*, 297 F. 3d 953, 956 (9th Cir. 2002). By the terms of Rule 41(b), and involuntary dismissal operates as an adjudication on the merits unless the dismissal order states otherwise, or if the dismissal was for lack of jurisdiction, improper venue, or failure to join a necessary party. Fed. R. Civ. P. 41(b). None of these exceptions apply. Additionally, Gill was advised that the dismissal in his prior action was with prejudice. *See Gill,* Cause No. DV-19-136-BLG-SPW, Or. (Doc. 106 at 4.)

Thus, Gill's present claims against Defendants are barred by res judicata because they were previously adjudicated on the merits. Reitz's motion to dismiss

9

will be granted. Additionally, there is no need for Defendant Myrup to appear because the claims against Myrup are similarly precluded under res judicata. This is a defect that will not be cured by Myrup's appearance.

## II.     Outstanding Motions

Gill's pending motion to appoint counsel and motion for extension of time will both be denied, as explained below.

### i.     Motion to Appoint Counsel

Gill requests that the Court appoint counsel to represent him. He indicates he is unable to afford counsel, the issues he presents are complex, that he has limited access to the law library, and has limited legal knowledge. (*See generally* Doc. 15.)

No one, including incarcerated prisoners, has a constitutional right to be represented by appointed counsel when they choose to bring a civil lawsuit under 42 U.S.C. § 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998). Unlike criminal cases, the statute that applies does not give a court the power to simply appoint an attorney. 28 U.S.C. § 1915 only allows the Court to "request" counsel to represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). A judge cannot order a lawyer to represent a plaintiff in a § 1983 lawsuit- a judge can merely request a lawyer to do so. *Mallard v. United States Dist. Court*, 490 U.S.

296, 310 (1989). Further, a judge may only request counsel for an indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).

Many indigent plaintiffs might fare better if represented by counsel, particularly in more complex areas such as discovery and the securing of expert testimony. However, this is not the test. *Rand*, 113 F.3d at 1525. Plaintiffs representing themselves are rarely able to research and investigate facts easily. This alone does not deem a case complex. *See Wilborn*, 789 F.2d at 1331. Factual disputes and the anticipated examination of witnesses at trial does not establish exceptional circumstances supporting an appointment of counsel. *Rand*, 113 F.3d at 1525.

As explained, the claims in Gill's amended complaint are precluded from consideration and the matter will be dismissed. There is no basis upon which to appoint counsel. The motion will be denied.

//

ii.  **Motion for Extension of Time**

Gill seeks a motion of extension of time within which to respond to Reitz's reply to his response to the motion to dismiss. (Doc. 19.) He explains that he has been transferred to three different facilities and will be entering a year-long treatment program. Accordingly, Gill requests a 30-day extension. (*Id.*)

As a preliminary matter, Gill is not entitled to file a response to a reply to a motion to dismiss. Such a filing is not contemplated by the Local Rules. *See e.g.*, Local Rule 7.1(d)(B)(i)-(ii). Furthermore, a responsive filing at this juncture would not change the Court's analysis of the res judicata doctrine as it applies to the present case. The motion will be denied.

Accordingly, IT IS HEREBY ORDERED:

1.  Defendant Reitz's Motion to Dismiss (Doc. 13) is GRANTED. The Amended Complaint is DISMISSED with prejudice;

2.  Gill's Motion to Appoint Counsel (Doc. 15) is DENIED;

3.  Gill's Motion for Extension of Time (Doc. 19) is DENIED;

4.  The Clerk of Court is directed to enter judgment in favor of Defendants and against Plaintiff.

3.  The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable

12

person could suppose an appeal would have merit.

DATED this 10th day of January, 2024.

                                              Susan P. Watters
                                              United States District Court Judge